INDUSTRIAL COMMISSION, ET AL. *v.* BRACKEN, ET AL.

## No. 11,942.

BRACKEN, ET AL. *v.* INDUSTRIAL COMMISSION, ET AL.

Decided December 12, 1927.

Proceedings under the Workmen's Compensation Act. Compensation allowed in No. 11,941, and denied in No. 11,942.

### *No. 11,941, Reversed.*

### *No. 11,942, Affirmed.*

1. WORKMEN'S COMPENSATION—*Award—Review.* Suit cannot be maintained to review an award of the industrial commission where no petition for review is filed with the commission within ten days as required by § 6, c. 203, S. L. '23.

2. *Final Award.* Where claims were filed against the insurance carrier of a lessee and the lessor for compensation growing out of the same accident, each being heard and determined separately, the award became final in each case at the expiration of the statutory time limit, and not at the expiration of ten days from the time of the last award.

3. *Insurance—Employer.* A policy insuring payment of compensation under the Workmen's Compensation Act held not to cover death of the employer who worked with his men.

4. WORDS AND PHRASES—*Employee.* An ''employee'' is one employed by another. One cannot, therefore, be his own employee.

5. WORKMEN'S COMPENSATION—*Lessor—Liability.* A lessor, although operating a mine by leasing, is not liable for the payment of compensation to his lessee who, being an employer of men in his operations under the lease, insures his liability under and in accordance with the provisions of the Workmen's Compensation Act, thus relieving the lessor from the burden of liability to the lessee and his employees, for accidental injuries.

*Error to the District Court of Garfield County, Hon.
John T. Shumate, Judge.*

Mr. WILLIAM L. BOATRIGHT, Attorney General, Mr.
OTTO FRIEDRICHS, Assistant, for the Industrial Commission.

Mr. WILLIAM E. HUTTON, Mr. J. F. NORDLUND, for the
Insurance Company.

Mr. JOHN L. NOONAN, Mr. W. F. NOONAN, for claimants.

Mr. FRED FARRAR, Mr. WENDALL STEPHENS, for the
Fuel Company.

*Department One.*

MR. JUSTICE DENISON delivered the opinion of the court.

THE district court, reviewing an award of the Industrial Commission, held that the Standard Accident Insurance Company was liable for compensation for the death of Dan Bracken (in this respect reversing the commission), and that Colorado Fuel and Iron Company was not (in this respect sustaining it).

There are two writs of error: 11,941, by the Industrial Commission and the insurance company against the claimants, widow and children of the deceased, and 11,942, by the claimants against the Industrial Commission and the Colorado Fuel and Iron Company. There is but one record and actually but one case, and the questions are whether either the insurance company or the C. F. & I. Company is liable for compensation.

The essential facts are these: Bracken was sole lessee from the C. F. & I. Company of a coal mine; he employed several men and obtained insurance for their compensation (though they were less than four), under

the Workmen's Compensation Act, from the insurance company, after which he was killed while working in the said mine.

The insurance company makes two points: (1) That the claimants have no right under the Workmen's Compensation Act to maintain a suit as against the insurance company because they did not petition for review within ten days. (2) That the insurance company is not liable for anything for the death of Dan Bracken, because the policy merely indemnified him for accident to his employees.

The insurance company is right on both points. The award in its favor was made July 30, 1926. September 4th, on petition for review, filed in due time, the award was adhered to, then, after the lawful ten days had expired (S. L. 1923, c. 203, § 6), claimants moved to reopen the case, and December 28, 1926, this motion was denied by a supplemental award of that date which reaffirmed the former award.

If, upon these facts, the case can be reviewed, it always can and the statute is nullified. It says unless the petition for review is filed in ten days the "award shall be final," and that "no action, proceeding or suit to set aside, vacate or amend" it shall be brought; but if any one at any time may petition to reopen the case and upon denial thereof take the matters to the courts, these provisions mean nothing.

It may be conceded, for present purposes, that the commission may reopen on its own motion, and when it does so and renders a new award, the same may be reviewed, but it has not done so here. It has merely declined to reopen. The claimants argue that since the commission entitled its order of December 28th "supplemental award" and reiterated its former award it must be supposed to have reopened the case on its own motion, as it might do under the statute, but such supposition contradicts the terms of the order itself which not only denies the motion, but states that no further hearing is

necessary. There is nothing in *State Fund v. Industrial Com.*, 80 Colo. 130, 249 Pac. 653, inconsistent with this conclusion.

We cannot agree with claimant's counsel that there was no final award till both claims, that against the insurance company and that against the C. F. & I. Co., had been determined. The cases were separately filed and separately heard. When the insurance company was discharged that was final in its case. It would serve no purpose to require it to attend the hearing of the fuel company's liabilities.

As to the terms of the policy also the insurance company is right. It is the ordinary policy in such cases, issued to Dan Bracken as employer. In effect it agrees to pay any compensation awarded as workmen's compensation to his employees in said mine.

There is nothing in the policy insuring the employer's compensation, should he be entitled to any, nor is there evidence that any premium has been collected for his insurance. The insurer has received only the minimum premium. It is therefore plain that the insurance company can be held liable only upon the theory that when an employer works with his men he is his own employee. See C. L. §§ 4382, 4391, and S. L. 1923, p. 733. An employee, in Webster, is "one employed by another." One cannot, then, be his own employee. The Workmen's Compensation Act has substantially the same definition: "Every person in the service of any other person * * * under any contract of hire, express or implied." One cannot be another nor can he hire himself. The insurance company did not insure against the accident in question.

Under C. L. § 4423, which we considered in *Index Mines Corp. v. Ind. Com.*, 82 Colo. 272, 259 Pac. 1036, if Bracken had not taken out the insurance, perhaps he might have been a "constructive employee" of the C. F. & I. Company, but not of himself, and his insurance, by the express terms of that section, which we quote below,

takes him out of the category employee, and, moreover, the policy does not insure compensation to employees of the C. F. & I. Company, but of Bracken himself.

As to the liability of the fuel company we think the commission and the district court were right. The statute, C. L. § 4423, is as follows: "Any * * * corporation operating or engaged in or conducting any business by leasing, * * * shall * * * be construed to be and be an employer * * * and shall be liable * * * to pay compensation for injury or death * * * to said lessees * * * and their employees; * * * *Provided, however,* That if said lessee, * * * doing any work as in this section provided shall himself be an employer as defined in this act in the doing of such work and shall before commencing said work insure and shall keep insured his liability for compensation as herein provided then and in that case such * * * corporation operating, engaged in, or conducting said business shall not be subject to the provisions of this section."

In the present case the lessee doing the work as in the section provided was himself an employer as defined in the act. He became such because "by insuring his liability under and in accordance with the provisions of this act, any employer, including the employer of domestic servants, farm or ranch laborers or of three or less employes shall become subject to the provisions hereof." S. L. 1923, p. 733, § 4. The deceased insured and was therefore an employer as defined in the act, whether he employed less than four men or not. It follows that the fuel company is not liable for compensation either for accident to his men or to him. The purpose of section 4423 was to prevent evasion of the insurance requirements of the act by leasing. It therefore requires insurance, but a lessor, even though he may be "operating" or "conducting" his mine "by leasing" (which we do not say this lessor was) is permitted to require his lessee to insure his own liability

and so relieve the lessor from the burden of the section. The desirability and justice of these terms are so obvious that they need no comment. It is immaterial whether the lessee was required by the lessor to insure. *Index Mines Corp. v. Ind. Com.*, 82 Colo. 272, 259 Pac. 1036. The vital fact is that he did so.

For the sake of simplicity we have thus far ignored the findings of the commission. In the matter of the insurance company they were according to the facts above stated, and that ''in his application for insurance, decedent represented himself as an employer operating as an individual, and was therefore not covered by the policy of insurance written by said company. It is therefore ordered that the claim for compensation filed herein be denied.''

It is claimed that the fact that he represented himself as an employer is immaterial and that therefore the award is not justified by the finding; it is evident, however, that the commission was intending to express the finding that decedent was not an employee and not insured as such, as under the law and the evidence he certainly was not.

The district court found that the awards in the insurance company's favor were ''without and in excess of its powers,'' i. e., the commission's powers, and that the commission's findings of fact do not support the awards. Both these findings were erroneous. To award for or against claimant or employer or insurer upon evidence which it deems sufficient is the principal power of the commission, and that the findings support the award is determined by what we have already said.

In 11,941 the judgment of the district court is reversed and the court directed to dismiss the case as against the insurance company.

In 11,942 the judgment as to the fuel company is affirmed.

MR. CHIEF JUSTICE BURKE, MR. JUSTICE WHITFORD and MR. JUSTICE SHEAFOR concur.