## No. 14,785.

ALSON INVESTMENT COMPANY ET AL. *v.* YOUNGQUIST ET AL.
(108 P. [2d] 228)

Decided November 18, 1940.   Rehearing denied December 9, 1940.

2

Messrs. BLOUNT, JANUARY & YEGGE, for plaintiffs in error.

Mr. BYRON G. ROGERS, Attorney General, Mr. FRANK A. BRUNO, Assistant, Mr. HAROLD CLARK THOMPSON, Mr. LOUIS SCHIFF, for defendants in error.

*In Department.*

MR. JUSTICE BURKE delivered the opinion of the court.

PLAINTIFFS in error are hereinafter referred to as the Alson company and the Casualty company; defendants in error Youngquist and Youngren as the claimants, or by name; the other defendants as the commission, the fund, and the Rockwell company, respectively; and one Frank Youngquist, deceased, as the deceased.

This is a workmen's compensation case. The claimants proceeded separately, but since the same accident was involved in each case and the evidence was identical, they were heard jointly by the commission and, by agreement, tried as one by the court, hence we so treat them.

Deceased and Youngren, while employed washing the walls of the Ramon apartment house in Denver, fell to a cement stairway. As a result of injuries thereby sustained Youngren was temporarily disabled and incurred medical expense, and Youngquist died. Clara A. Youngquist is the latter's widow. Claimants' right of recovery is undisputed. The sole question here is, Were the injured men employees of the Alson company or the Rockwell company? The former carried its industrial insurance with the Casualty company and the latter with the Fund. The commission found that the Alson company was the employer and such was the judgment of the court. To review that judgment this writ is prosecuted. Since the date of the commission's award the Casualty company, we are told, has been paying, and an agreement exists between it and the Fund for final settlement according to our disposition of the cause.

The Alson company (P. K. Alexander, vice-president of the First National Bank of Denver and his wife and mother) owned the Ramon, also several properties similar thereto. The Rockwell company was a real estate brokerage concern which, as a part of its business, managed properties for others, collecting rent and making improvements and repairs. Among these were those of the Alson company including the Ramon. It dealt with the Alson through Alexander. One Thode, secretary of the Rockwell company, employed the men who were injured to do the work in which they were engaged. The company, as part of its contract with the Alson, paid them and received as compensation, for such jobs as that here in question, its expenses and an amount equal to ten per cent of the salaries of the men employed. When it collected the rent for Alson it received ten per cent thereof and when it made repairs five per cent. The Alson was unknown to said employees. They furnished their tools, equipment, etc., and the Rockwell company washing powder, soap, etc. Rockwell employed and directed the workmen, but Alexander retained the

4

right of veto on any employee on the Alson properties. Both the Alson and Rockwell companies were under the Workmen's Compensation Act and carried insurance on their men.

Numerous interesting questions are ably argued in the briefs, i. e., Was the Rockwell company an agent of Alson? Was it an independent contractor? Were the employees, if of the Alson company, regular or casual? If employees of both, which would be primarily liable? What importance is to be attached to certain bookkeeping methods? Was the commission's finding that Rockwell was the agent of Alson one of fact, hence conclusive, or of law, hence reviewable? To what extent is the fact that Rockwell had long intermittently employed one of these men and at various times assigned one or both to work on properties other than those of Alson, controlling?

Were we relegated to the resolution of the question of employer and employee by resort to solution of the foregoing, or any one of them, we would of necessity examine those questions and attempt an analysis of the arguments presented thereon. Fortunately we are not so relegated. In our opinion an express and mandatory statute, to the provisions of which all foreign adjudications of these interesting questions must yield, is before us and settles the controversy. The first portion of that statute, standing alone, would definitely fix liability as employer upon the Alson company. "Every person, company or corporation, that owns any real property or improvements thereon and that contracts out any work done on and to said property to any contractor, sub-contractor, person or persons, who shall hire or use four or more employees or workmen (including himself if working thereon) in the doing of such work, shall be deemed to be an employer under the terms of this article and every such contractor and sub-contractor, person or persons, as well as his or their employees shall each and all of them be deemed to be employees as de-

fined in this article and such employer shall be liable as provided in this article to pay compensation for injury or death resulting therefrom to said contractor, and sub-contractor and their employees and shall before commencing said work insure and shall keep insured his liability as herein provided, * * *." The foregoing is, however, immediately followed by this provision: "That if said contractor, or sub-contractor, person or persons doing or undertaking to do any work for an owner of property as above provided shall himself be an employer as defined in this article and shall before commencing said work insure and shall keep insured his liability for compensation as herein provided then and in that case said owner of said property shall not be subject to the provisions of this section." '35 C.S.A., vol. 3, c. 97, §329.

That the Rockwell company was "an employer as defined in this article" appears from the definition therein given. "The term 'employer' shall mean and include: * * * (b) Every person, association of persons, * * * who has four or more persons engaged in the same business or employment * * *, in service under any contract of hire, express or implied, and who, at or prior to the time of the accident to the employee for which compensation is claimed under this article has elected to become subject to the provisions of this article, * * *." '35 C.S.A., vol. 3, c. 97, §287. It thus appears that for the purpose of this suit the Alson company, "said owner of said property," is not subject to the provisions of this section. If authority from our own decisions were still necessary to substantiate the foregoing conclusion it is deducible from the following: *Industrial Com. v. Bracken,* 83 Colo. 72, 262 Pac. 521; *Index Mines Corp. v. Industrial Com.,* 82 Colo. 272, 259 Pac. 1036; *American Radiator Co. v. Franzen,* 81 Colo. 161, 254 Pac. 160.

█ It thus appears that the award of the commission and the judgment of the district court were wrong on

the single question of the interpretation of the statute, an error unaffected by any question of fact.

The judgment is accordingly reversed and the cause remanded for further proceedings in harmony herewith.

MR. CHIEF JUSTICE HILLIARD and MR. JUSTICE BAKKE concur.