No. 22317.

Chancey Stewart, and/or Sherry Lee Childress, and/or Arthur M. Riley, Jr., and/or Analee Brelsford, and/or Gilbert Goldstein v. The Industrial Commission of the State of Colorado, and Walter W. Johnson, James M. Schaffer, and Albert F. Mangan, as members thereof, and William Brown.

(428 P.2d 367)

Decided May 29, 1967.      Rehearing denied June 26, 1967.

ALAN A. ARMOUR, DONALDSON, HOFFMAN & GOLDSTEIN, a Professional Corp., for plaintiffs in error.

MELLMAN, MELLMAN and THORN, for defendant in error William Brown.

PETER L. DYE, Assistant Attorney General, for defendants in error The Industrial Commission of the State of Colorado, and Walter W. Johnson, James M. Schaffer, and Albert F. Mangan, as members thereof.

*En Banc.*

MR. JUSTICE PRINGLE delivered the opinion of the Court.

THIS is a writ of error from a judgment of the District Court of the City and County of Denver which affirmed an award of compensation made by the Industrial Commission of the State of Colorado. The plaintiffs in error will be referred to as the "landowners." The Industrial Commission of the State of Colorado will be referred to as the "Commission" and the individual workmen's compensation claimant, William Brown, will be referred to as the "claimant."

Claimant was awarded workmen's compensation benefits for payment of medical bills, for temporary total disability, and for permanent partial disability, all arising from an accident which occurred on October 29, 1963. Claimant was employed by one Thomas McCrea, who was in the business of demolishing old buildings. While working as a laborer on a demolition job at 11th and Lawrence Streets in Denver, claimant fell through a partially torn up floor and landed on a stairway on a lower level. Claimant suffered injuries to his face, eye, knee and back, and filed a claim for compensation against McCrea.

During the initial hearings before the Industrial Commission, it was established that McCrea was not insured. Claimant then requested and was granted an order joining the landowners as respondents by virtue of their ownership of the land and the building where the accident occurred. See C.R.S. 1963, 81-9-2. After notice to the landowners, further hearings were held at which claimant, McCrea and the landowners all appeared. The evidence in these later hearings duplicated the evidence presented at the earlier hearings and established the following: that claimant was employed by McCrea; that the accident happened on the demolition job site; that at least four employees were working for McCrea on this job at the time of the accident; and that McCrea was working under a written contract with the landowners. The fact of ownership of the land by the landowners, and the extent of the interests in the land held

by each of the landowners was also established. The
claim proceeded through several hearings, orders and
supplemental orders. Ultimately, claimant was granted:
(1) A lump sum for facial disfigurement; (2) An amount
for payment of medical bills and expenses incurred as
a result of the injuries; (3) An award for temporary
total disability; and (4) An award for permanent partial
disability. The awards were against McCrea and also
against the landowners. The Referee's order was af-
firmed by the Commission, and the Commission's order
was then affirmed by the district court. The landowners
alone are here on writ of error.

The landowners have raised three allegations of error:

1. That the Commission and the court erred in hold-
ing that the landowners are liable at all under the work-
men's Compensation Act — specifically, under C.R.S.
1963, 81-9-2.

2. That the notice requirements of C.R.S. 1963, 81-6-2
were not followed by claimant and that, therefore, there
is no basis for a valid award against the landowners.

3. That the evidence adduced at the various hearings
does not substantiate the amount of the award of ben-
efits for permanent partial disability.

I.

In their first allegation of error, the landowners con-
tend that there can be no imposition of any liability
on the landowners where the facts show, as they clearly
do here, that the claimant was an employee of an inde-
pendent contractor and was not hired directly by the
landowners. In addition, the landowners allege that
claimant was a casual employee not engaged in the
business or profession of the landowners, and that this
prevents recovery against the landowners.

The landowners contend that they are not within the
terms of the statute relied upon by the claimant to
establish liability. C.R.S. 1963, 81-9-2 provides as follows:

"(1) Every person, company, or corporation, that
owns any real property or improvements thereon and

that contracts out any work done on and to said property to any contractor, subcontractor, person, or persons, who shall hire or use four or more employees or workmen, including himself if working thereon in the doing of such work, shall be deemed to be an employer under the terms of this chapter and every such contractor, and subcontractor, person, or persons, as well as their employees, shall each and all of them be deemed to be employees as defined in this chapter and such employer shall be liable as provided in this chapter to pay compensation for injury or death resulting therefrom to said contractor, and sub contractor, and their employees and, before commencing said work, shall insure and shall keep insured his liability as provided in this chapter. Such employer shall be entitled to recover the cost of such insurance from said contractor, subcontractor, person or persons, and may withhold and deduct the same from the contract price or any royalties or other money due, owing, or to become due said contractor, subcontractor, person or persons.

"(2) If said contractor, subcontractor, person, or persons doing or undertaking to do any work for an owner of property, as provided in subsection (1) of this section, shall himself be an employer, as defined in this chapter, in the doing of such work and shall before commencing such work insure and shall keep insured his liability for compensation as provided in this chapter, neither said contractor, subcontractor, person or persons, its employees or its insurers, shall have any right of contribution or action of any kind including actions under section 81-13-8, herein against the person, company, or corporation owning real property and improvements thereon which contracts out work done on said property."

██ A detailed analysis of this statute shows that this is the very type of case which was intended to be covered by this statute. In the instant case, the landowners admitted that they owned the real property and the improvements thereon. They also admitted that they

contracted out work on and to the property to a contractor (McCrea). It was established that McCrea hired at least four employees on this job, and that the claimant was a regular employee. Thus the factual prerequisites of the statute are met. The statute then says that the landowner "shall be deemed to be an employer" and that the contractor and his employees "shall each and all of them be deemed to be employees as defined in this chapter." The rest of that same sentence then provides that the landowner shall insure against such injuries to the contractor and his employees, and that the landowner *shall be liable* for injuries to the contractor or his workmen. The legislature clearly intended to make landowners liable under the circumstances of this case. If the landowner would protect himself in such situations, he can do so by requiring the contractor to secure and maintain proper insurance coverage against such accidents as the one in the case at bar, or secure insurance coverage himself and deduct the premiums from the contract price. Under the statute, it does not matter that claimant was not engaged in the same business or profession as the landowners. We hold that liability was correctly imposed against the landowners in this case. See *Alson Inv. Co. v. Youngquist,* 107 Colo. 1, 108 P.2d 228.

## II.

In their second assignment of error, the landowners assert that claimant failed to give the landowners due notice that claimant had been in an accident — as required by C.R.S. 1963, 81-6-2. That statute reads, in part, as follows:

"* * * Every employee who sustains an injury shall notify his employer of said injury within two days after its occurrence, * * * unless his employer or his foreman, superintendent, manager or other person in charge shall have actual notice of said injury. * * *"

We hold that this statute did not require claimant to give notice to the *landowners* within two days

from the time of the accident. McCrea was claimant's employer at the time of the accident, and remained so even though he had no insurance, and was in actual charge of the demolition job. Actual notice to McCrea was sufficient, therefore, to comply with the statute at the time of the accident.

In addition, claimant joined the landowners as soon as it became clear that McCrea was uninsured. It was certainly not incumbent upon claimant to assume from the beginning that the landowners had failed to fulfill their statutory duty to insure the job themselves or to require McCrea to do so. If McCrea had complied with the statutory insurance requirements, the landowners would not have been liable for claimant's injuries and it would not have been proper or necessary to join them as respondents. It was only when the absence of insurance was demonstrated that the landowners' statutory liability came into effect and at that point they were entitled to notice. They received actual notice as soon as the Referee determined that McCrea had no insurance and that joinder of the landowners was therefore proper.

Further, the landowners were not prejudiced in any way. They participated fully in all of the hearings and proceedings and evidently did not object to the alleged failure of notice until *after* the Referee had rendered his final decision finding the landowners liable. The objection was not timely and was properly denied. See *Colorado Auto Body, Inc. v. Newton,* 160 Colo. 113, 414 P.2d 480.

### III.

In their third assignment of error, the landowners assert that the evidence does not sustain the amount of the award or benefits for permanent partial disability. The Referee found that claimant was permanently disabled to the extent of $3\frac{3}{4}$ per cent as a working unit. The only evidence in the record bearing on the amount of the alleged permanent partial disability of claimant

is a letter from a Dr. Dobrow. This letter places claimant's disability "relative to the lumbar spine . . . at $2\frac{1}{2}\%$ of the body as a working unit . . ." Claimant insists that the figure of $2\frac{1}{2}$ per cent should be construed to include only the disability of the lumbar spine. The landowners insist that the figure should be construed to refer to the total of claimant's entire bodily disability. The letter also contains a reference to disability due to injuries to claimant's leg, but it does not translate these injuries into disability as a working unit. In short, there is no evidence appearing in the record as it now stands which supports an award of $3\frac{3}{4}$ per cent permanent partial disability as a working unit.

The judgment of the district court is affirmed in part and reversed in part, and the cause is remanded to the district court with directions to refer the matter back to the Commission for further hearings and the entry of new findings and orders on the amount of claimant's permanent partial disability arising from this accident.

MR. JUSTICE MCWILLIAMS not participating.