OLIVER CONSTRUCTION CO., INC.
and State Compensation Insurance
Fund, Petitioners,

v.

INDUSTRIAL COMMISSION OF
COLORADO, and Harry Dean
Humphrey, Respondents.

No. 83CA0513.

Colorado Court of Appeals,
Div. III.

December 8, 1983.

Rehearing Denied Jan. 12, 1984.

Certiorari Denied May 21, 1984.

Edward V. Frayle, Denver, for petitioners.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Robert Lehnert, Asst. Atty. Gen., Denver, for respondent Indus. Com'n of Colorado.

Fischer & Wilmarth, Steven G. Francis, Fort Collins, for respondent Harry Dean Humphrey.

STERNBERG, Judge.

The claimant, Henry Dean Humphrey, was the sole proprietor of the Dean Humphrey Custom Painting and Decorating Company. That company had entered into an oral contract to provide painting services for Oliver Construction Company, Inc. (Oliver), in conjunction with a job Oliver

was performing for the city of Loveland. The Humphrey company had obtained workmen's compensation insurance for its employees but chose not to cover Humphrey as an employee. Humphrey was injured while working on the Loveland job, and applied for workmen's compensation benefits. Following statutory hearing and review procedures, he was held to be a statutory employee of Oliver and, thus, covered under the terms and conditions of Oliver's workmen's compensation policy issued by the State Compensation Insurance Fund. Oliver and the Fund, the petitioners, seek review of that decision. We affirm.

In seeking reversal, Oliver and the Fund contend that Humphrey is not entitled to workmen's compensation benefits as a statutory employee of Oliver because, in his capacity as proprietor of his own company, he had elected not to be personally covered under the policy he took out to cover his own employees. Our analysis of the applicable statutes leads us to disagree with this contention.

■ Legislative intent is the governing consideration when interpreting statutes. *Frohlick Crane Service, Inc. v. Mack*, 182 Colo. 34, 510 P.2d 891 (1973). "The primary purpose of the Workmen's Compensation Act is to afford workmen compensation for job-related injuries, regardless of fault." *Frohlick Crane Service, Inc. v. Mack, supra.* Courts are "to liberally construe the Workmen's Compensation Act in order to effectuate its humanitarian purpose of assisting injured workers." *Conley v. Industrial Commission*, 43 Colo. App. 10, 601 P.2d 648 (1979).

Section 8–48–101(1), C.R.S.1973 (1982 Cum.Supp.) provides in part:

"Any ... *corporation*, operating or engaged in or conducting any business by leasing or contracting any ... *subcontractor*, irrespective of the number of employees engaged in such work, shall be construed to be an *employer* as defined in articles 40 to 54 of this title and *shall be liable* as provided in said articles *to pay compensation for injury* or

death resulting therefrom *to said ... subcontractors* and their employees." (emphasis added)

Section 8–48–101(1) is virtually identical in important respects to C.R.S.1963, 81–9–1, which, in order to implement the general purpose of the workmen's compensation laws,

"was enacted to prevent an employee from avoiding responsibility under the Workmen's Compensation Act by contracting-out his work to an uninsured subcontractor. The statute ... provides that a subcontractor and his employees are deemed to be *employees* of the employer who contracts for others to do his work." *Frohlick Crane Service, Inc. v. Mack, supra.* (emphasis added)

While a company is not automatically a statutory employer under § 8–48–101(1) because it engages in contracted work, *see Pioneer Construction Co. v. Davis*, 152 Colo. 121, 381 P.2d 22 (1963); *Campbell v. Black Mountain Spruce, Inc.*, 677 P.2d 379 (Colo.App.1983), petitioners do not present an argument on this issue.

Petitioners argue, however, that § 8–48–101(2), C.R.S.1973 (1982 Cum.Supp.) excludes Oliver from liability. Section 8–48–101(2) provides:

"If said ... subcontractor is himself an employer in the doing of such work and, before commencing such work, insures and keeps insured his liability for compensation as provided in articles 40 to 54 to this title, neither said ... *subcontractor*, its employees or its insurer shall have any right of contribution or action against the ... *corporation* operating or engaged in or conducting any business by leasing or contracting out any part or all of the work thereof, or against its employees, servants, or agents." (emphasis added)

Respondents contend that, under this statutory language, since Humphrey had taken out insurance on his employees, he is without any right of contribution against Oliver. We disagree.

 We adopt the hearing officer's analysis that § 8–48–101(2):

"Merely sets forth that if the subcontractor has his own workmen's compensation coverage, he and his insurance carrier do not have a right to subrogate against the prime contractor pursuant to subsection (1) .... Nothing in subsection (2) ... removes the subcontractor or his employees from the category of statutory employer/statutory employee, it merely speaks to the abrogation of subrogation rights which may arise out of said statutory relationship."

 That is, § 8–48–101(2) would prevent Humphrey's employees from seeking a workmen's compensation benefits against Oliver because they are covered by his policy. However, since Humphrey is not himself covered by the policy, and he is considered an employee of Oliver under § 8–48–101(1), it would thwart legislative intent to preclude him from coverage under Oliver's policy.

Petitioners cite *Industrial Commission v. Bracken*, 83 Colo. 72, 262 P. 521 (1927), which held that "an 'employee' is one employed by another. One cannot, therefore, be his own employee." The *Bracken* ruling, however, was premised on statutory language which specifically excluded contractors and subcontractors from the operation of the statutory employer-employee relationship in facts such as the instant case. That language is not a part of § 8–48–101(2), and thus, the statutory employer-employee relationship is not precluded by the facts of this case. Therefore, *Bracken* is inapposite here.

 Finally, Oliver and the Fund argue that, under § 8–44–102, C.R.S.1973, an operating owner *must* endorse himself as an employee in his contract of insurance, and a failure to do so excludes the employee from coverage under the contractor's policy. We disagree.

Section 8–44–102 provides, in relevant part:

"If the employer desires, the contract *may* include by endorsement as an employee of the insured any working partner or individual employer actively engaged in the operation of the business." (emphasis added)

This provision is permissive, not mandatory, and no sanctions should attach for Humphrey's failure to include himself as an insured.

The other contentions of error are without merit.

The order is affirmed.

KELLY and BABCOCK, JJ., concur.