George D. STAMPADOS, Petitioner,

v.

COLORADO D & S ENTERPRISES, INC.; Colorado Compensation Insurance Authority, and The Industrial Claim Appeals Office, Respondents.

No. 91CA0550.

Colorado Court of Appeals, Div. I.

Jan. 16, 1992.

Rehearing Denied Feb. 20, 1992.

Certiorari Denied Aug. 10, 1992.

Mark Amrose, P.C., Mark Amrose, Denver, for petitioner.

Paul Tochtrop, Denver, for respondents Colorado D & S Enterprises, Inc. and Colorado Compensation Ins. Authority.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Michael P. Serruto, Asst. Atty. Gen., Denver, for respondent Industrial Claim Appeals Office.

Opinion by Judge PIERCE.

George D. Stampados, claimant, seeks review of a final order of the Industrial Claim Appeals Panel, which ruled that he was not an employee of Colorado D & S Enterprises (D & S) and therefore was not entitled to workers' compensation benefits. We set aside the Panel's order and remand for further proceedings.

D & S is in the furniture repair business. Operating as GDS Furniture Service (GDS), Stampados performed furniture repairs for D & S until he was injured. He had no workers' compensation insurance and sought to recover benefits for his injuries from D & S. Stampados contended that he was either an actual employee under the provision now codified as § 8–40–202(1)(b), C.R.S. (1991 Cum.Supp.) or a statutory employee under § 8–41–401(1), C.R.S. (1991 Cum.Supp.). The Administrative Law Judge (ALJ) and Panel concluded that Stampados was neither an actual nor a statutory employee, but an independent contractor barred from bringing a workers' compensation claim by the provision now codified as § 8–41–401(3), C.R.S. (1991 Cum.Supp.).

## I.

We agree with Stampados that the ALJ and Panel erred in concluding that he was not an actual employee under § 8–40–202(1)(b). The ALJ and Panel applied incorrect legal standards in determining that Stampados was not an actual employee.

■ There are two tests for determining whether a worker is an actual employee or an independent contractor: the "control" test, and the "relative nature of the work" test. *Brush Hay & Milling Co. v. Small,* 154 Colo. 11, 388 P.2d 84 (1963); *Dana's Housekeeping v. Butterfield,* 807 P.2d 1218 (Colo.App.1990). If either test is satisfied, the worker is an employee. *See* 1C A. Larson, *Workmen's Compensation* §§ 43.00–43.54 (1991).

■ The ALJ and Panel failed to apply the relative nature of the work test. And, although the ALJ's conclusion that Stampados was not an actual employee under § 8–40–202(1)(b) was based partly on findings that he was subject to only minimal control and that he was hired on a per task basis, the ALJ failed to consider the other factors relevant to the control test set out in *Faith Realty & Development Co. v. Industrial Commission,* 170 Colo. 215, 460 P.2d 228 (Colo.1969), *Brush Hay & Milling Co. v. Small, supra,* and *Dana's Housekeeping v. Butterfield, supra.*

Moreover, there was no substantial evidence that Stampados was hired for the completion of single tasks, or on a "per task basis." The ALJ found that Stampados was paid by the hour, and the invoices showing that he recorded the time spent on each piece of furniture do not show a per task hiring. There was undisputed evidence that Stampados worked full time for D & S continuously from 1985 until 1989. Unless rejected as not credible, this evidence would establish a "compelling circumstance" supporting the existence of actual employment. *See Dana's Housekeeping v. Butterfield, supra. See also* 1C A. Larson, *Workmen's Compensation Law,* § 45.31 (1991). *Cf. Brush Hay & Milling Co. v. Small, supra.* There is nothing in the ALJ's order suggesting that he found the evidence not credible; the order was not based on a credibility determination, but on application of incorrect legal standards.

■ The ALJ and Panel did not apply the proper tests, but rather, regarded it as virtually dispositive that the parties treated GDS as a separate business for purposes of payment and that, on his tax returns, Stampados characterized his earnings from D & S work as independent business income rather than wages. This was incorrect because how the parties refer to themselves is only one factor used to determine whether a worker is an actual employee.

Permitting the label rather than the actual nature of the relationship to control would be contrary to the policy of the Act by allowing easy evasion of workers' compensation liability. *See Faith Realty & Development Co. v. Industrial Commission, supra; Dana's Housekeeping v. Butterfield, supra;* 1C A. Larson *Workmen's Compensation Law,* §§ 44.32(a) and (b) and 46.00 through 46.30 (1991).

On remand, the ALJ must determine whether Stampados was an actual employee under the appropriate legal standards. If on remand, the ALJ determines that Stampados was not an actual employee, it will be necessary to determine whether he was a statutory employee under § 8–41–401(1) under the test set out in *Finlay v. Storage Technology Corp.,* 764 P.2d 62 (Colo.1988). That issue was not decided by the ALJ and Panel because of the conclusion that Stampados' claim was barred by § 8–41–401(3).

## II.

We also agree with Stampados that the ALJ and Panel erred in concluding that his claim was barred by § 8–41–401(3).

■ Although Stampados had the burden of proving that he was an actual or statutory employee, D & S had the burden of proving that he was an independent contractor under § 8–41–401(3). The burden of proof in a workers' compensation case rests on the party who asserts the affirmative of an issue. *See Valley Tree Service*

*v. Jimenez*, 787 P.2d 658 (Colo.App.1990). Section 8–41–401(3) bars independent contractors from bringing workers' compensation claims, but such bar is an affirmative defense on which the employer bears the burden of proof.

■ Here, there was insufficient evidence to establish that Stampados was within the scope of § 8–41–401(3). The statute begins: "Any independent contractor who does not obtain coverage under a policy of workers' compensation insurance pursuant to *section 8–40–302(5), 8–41–202, or 8–44–102* shall not have any cause of action of any kind under articles 40 to 47 of this title." (emphasis added)

Section 8–40–302(5), C.R.S. (1991 Cum. Supp.) provides that: "[a]ny employer" excluded from the Workers' Compensation Act under § 8–40–302, C.R.S. (1991 Cum. Supp.) may elect to accept the Act by obtaining workers' compensation insurance covering its employees.

Section 8–41–202, C.R.S. (1991 Cum. Supp.) provides that *a corporate officer* who owns at least 10% of the stock of the corporation may elect to reject the Workers' Compensation Act by informing the corporation's insurer. Section 8–44–102, C.R.S. (1991 Cum.Supp.) provides that: "If the *employer* desires, the contract [for workers' compensation insurance] may include by endorsement as an employee of the insured *any working partner or individual employer* actively engaged in the operation of the business." (emphasis added)

We read § 8–41–401(3) to bar only claims by independent contractors who have the option of obtaining workers' compensation insurance under the listed statutes, but fail to do so.

Two of the three statutes listed in §§ 8–41–401(3), 8–41–202 and 8–44–102, are the only provisions of the Workers' Compensation Act under which an owner of a business may choose whether or not to be treated as an employee covered by workers' compensation insurance. (Section 8–40–302(5), the other statute listed in § 8–41–401(3), is the only provision under which

an employer not subject to the Act may choose to be treated as an *employer*).

Under these statutes, only corporate officers, working partners, individual employers, or employers in general have the option of obtaining or rejecting workers' compensation insurance coverage for themselves. Section 8–41–401(3) can apply only to those independent contractors who are corporate officers, working partners, individual employers, or employers in general, and who do not obtain insurance coverage under §§ 8–40–302(5), 8–41–202, and 8–44–102.

■ Here, there was no evidence that Stampados was a corporate officer or working partner because there was no evidence that GDS was a corporation, partnership, or joint venture. Nor was there evidence that he was an employer, individual or otherwise, because there was no evidence that he had employees. A person who has no employees cannot be an employer.

■ An employer under § 8–40–203(1)(b), C.R.S. (1991 Cum.Supp.) is defined as "[e]very person, association of persons, firm, and private corporation ... *who has one or more persons engaged in the same business or employment ... in service under any contract of hire,* express or implied." Persons cannot have contracts of hire with themselves. *See Industrial Commission v. Bracken*, 83 Colo. 72, 262 P. 521 (1927). *See also* 1C A. Larson, *Workmen's Compensation Law* § 54.31 (1991).

■ To the extent the statutory language is ambiguous, we may resort to legislative history and rules of construction in construing the statute. *See Colorado Civil Rights Commission v. North Washington Fire Protection District*, 772 P.2d 70 (Colo.1989).

A construction of the statute that would bar claims by independent contractors who could not obtain insurance coverage would render the reference to §§ 8–40–302(5), 8–41–202, and 8–44–102 meaningless because the statute would apply to *all* uninsured independent contractors. If § 8–41–401(3)

were intended to apply to all uninsured independent contractors, there would be no need to specify the three statutes concerning election or rejection of the Act by obtaining or failing to obtain insurance. Moreover, this broader construction would penalize contractors who cannot choose to obtain workers' compensation insurance covering themselves for failing to do so, contrary to the presumption that the General Assembly intended a just and reasonable result. *See People v. Johnson*, 797 P.2d 1296 (Colo.1990).

The legislative history also supports a construction limiting § 8–41–401(3) to independent contractors who have the option of obtaining coverage under the three listed statutes. The statute was enacted in response to *Oliver Construction Co. v. Industrial Commission*, 680 P.2d 1308 (Colo. App.1983). *See* Tape recordings of Hearings on H.B. 1215 Before the House Business Committee, 56th General Assembly, 1st Regular Sess. (Feb. 26, 1987) and Before the Senate Business Committee, 56th General Assembly, 1st Regular Sess. (March 24, 1987).

In *Oliver*, the sole proprietor of a painting company obtained workers' compensation insurance for his employees. As an individual employer, he could have obtained coverage for himself as an employee, but chose not to do so. He was injured on a construction job and sought workers' compensation from the general contractor as his statutory employer. This court held that the general contractor was the proprietor's statutory employer and was liable to the proprietor for workers' compensation because the proprietor was uninsured. The legislative history shows that the purpose of § 8–41–401(3) was to overrule *Oliver* by barring claims by independent contractors who *choose* to reject coverage, thereby encouraging them to obtain coverage. *See* Tape recordings of hearings on H.B. 1215, *supra*.

D & S failed to establish that Stampados could have obtained workers' compensation insurance covering himself and, therefore, failed to establish that he was within the scope of § 8–41–401(3). Accordingly, we conclude that Stampados was not barred by § 8–41–401(3) from bringing a workers' compensation claim.

The order is set aside, and the cause is remanded to the Panel with directions to remand to the ALJ for entry of further findings of fact and conclusions of law in accordance with this opinion.

SMITH and DAVIDSON, JJ., concur.