**CONTINENTAL DIVIDE INSURANCE COMPANY, Plaintiff–Appellee,**

v.

**John P. DICKINSON, Defendant–Appellant.**

**No. 06CA0256.**

Colorado Court of Appeals,
Div. VI.

July 12, 2007.

Rehearing Denied Sept. 6, 2007.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2006.

Opinion by Judge WEBB.

In this uninsured/ underinsured motorist (UM/UIM) insurance coverage dispute, defendant, John P. Dickinson, appeals the summary judgment entered in favor of plaintiff, Continental Divide Insurance Company, declaring that Dickinson is not entitled to recover UM/UIM benefits from the insurer of the tortfeasor's employer for injuries he suffered in a work-related automobile accident. The trial court relied on the Workers' Compensation Act (Act), § 8–40–101, et seq., C.R.S.2006, as limiting Dickinson's recovery against a tortfeasor in the same employ to $15,000, and the settlement of his claim against the tortfeasor and the employer for that amount. We agree with the trial court and therefore affirm.

## I. Facts

The facts concerning UM/UIM coverage are undisputed. While painting fire hydrants for United Technical Services (UTS), Dickinson fell from his own truck, which he had leased to UTS and a UTS employee was driving. Continental insured UTS under an auto policy that provided general liability coverage of $1,000,000 and UM/UIM coverage of $500,000 on the basis that "We will pay all sums the 'insured' is legally entitled to recover as compensatory damages from the owner or driver of an 'uninsured motor vehicle.'"

An administrative law judge (ALJ) rejected Dickinson's workers' compensation claim against UTS because he was an independent contractor, not an employee, under § 8–40–202(2), C.R.S.2006. The ALJ explained: "[Dickinson] was employed by [UTS] as an employee in the leak detection business.... When [Dickinson] failed to successfully perform his job duties ... [UTS] employed [Dickinson] on contract to service and paint fire hydrants." Dickinson did not appeal this ruling.

To recover damages for his injuries, Dickinson then brought an action asserting vicarious liability against UTS and negligence against its driver. The trial court ruled that § 8–41–401(3), C.R.S.2006, limited Dickinson's recovery to $15,000 because he was an independent contractor who "had elected by

Campbell, Latiolais & Ruebel, P.C., Robyn B. Averbach, Denver, Colorado, for Plaintiff–Appellee.

Jennifer E. Bisset, Denver, Colorado, for Defendant–Appellant.

contract not to be included in UTS's [workers' compensation] policy," and he "did not elect to purchase and keep in force a policy of workers' compensation insurance covering himself." Dickinson settled the case for $15,000, and it was dismissed.

Dickinson next demanded arbitration of a UM/UIM claim under the Continental auto policy on the basis that he was insured as a passenger in a vehicle covered by that policy and the $15,000 statutory limitation rendered UTS and its driver underinsured. Continental responded by bringing this action for a declaratory judgment to determine whether Dickinson's UM/UIM claim was limited by § 8–41–401(3), but it did not dispute that he was insured under the policy. Dickinson counterclaimed, seeking UM/UIM benefits for his damages in excess of $15,000, and alleging, "Dickinson, as part of his independent contract with [UTS], leased his personal truck to UTS for use in performing work for UTS. Defendant Dickinson's truck was insured under the Continental Insurance company policy...." On cross-motions for summary judgment, the trial court entered judgment for Continental.

## II. Law

We review a summary judgment de novo, considering the facts in the light most favorable to the nonmoving party. *Jaynes v. Centura Health Corp.*, 148 P.3d 241, 243 (Colo. App.2006).

Likewise, statutory interpretation is a question of law that we review de novo. *Ryals v. St. Mary–Corwin Reg'l Med. Ctr.*, 10 P.3d 654, 659 (Colo.2000). If the plain language of a statute is clear and unambiguous, we need not consider rules of statutory construction, but instead apply the statute as written, unless that application leads to an absurd result. *People v. Cooper*, 27 P.3d 348, 354 (Colo.2001); *E–470 Pub. Highway Auth. v. Kortum Inv. Co.*, 121 P.3d 331, 333 (Colo. App.2005).

Under § 8–40–202(2), an independent contractor is not an "employee." As to independent contractors, among others, § 8–41–401(3) limits the "total amount of damages recoverable pursuant to any cause of action resulting from a work-related injury," otherwise compensable under the Act, to $15,000, "except in any cause of action brought against another not in the same employ." *See Kelly v. Mile Hi Single Ply, Inc.*, 890 P.2d 1161 (Colo.1995); *Stampados v. Colo. D & S Enters., Inc.*, 833 P.2d 815 (Colo.App. 1992).

Section 10–4–609(1)(a), C.R.S.2006, prohibits delivery of an automobile liability insurance policy in Colorado unless either the policy provides "for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury," or the insured waives this coverage. *See Farmers Ins. Exch. v. McDermott*, 34 Colo.App. 305, 309, 527 P.2d 918, 920 (1974) ("[T]he declaration of public policy expresses the legislature's prime concern as [being] the need to compensate the innocent driver for injuries received at the hands of one from whom damages cannot be recovered.").

The recovery limitation in § 8–41–401(3) does not recognize an exception for recovery of UM/UIM benefits in excess of $15,000. Nor does § 10–4–609(1) exclude recovery limitations under the Act from the "legally entitled to recover" condition to receiving UM/UIM benefits. Hence, we discern neither ambiguity in, nor conflict between these statutes.

Both parties state, and we agree, that no reported Colorado appellate case has addressed whether the Act's $15,000 limitation on certain tort claims precludes recovery against a UM/UIM insurer of an employer for damages suffered in a work-related accident in which the tortfeasor is in the same employ as the claimant.

The majority of jurisdictions that have addressed this issue hold that "an insured is not 'legally entitled to recover' under the uninsured motorist provisions of an insurance policy if the exclusivity provisions of the workers' compensation statute would bar an action against the tortfeasor." *Matarese v. N.H. Mun. Ass'n Prop.-Liab. Ins. Trust, Inc.*, 147 N.H. 396, 791 A.2d 175, 180–81 (2002) (collecting cases); *see also* 1 A. Widiss & J. Thomas, *Uninsured and Underinsured*

*Motorist Insurance* § 7.14, at 442–49 (rev.3d ed.2005)(noting that most cited cases "have sustained denials of claims for uninsured motorist insurance coverage on the ground that an injured employee was not entitled to recover from a fellow employee," but stating that recovery of UM/UIM benefits should "be allowed for individuals by treating a recovery from workers' compensation either (a) as a primary coverage or (b) as an offset, rather than as a justification for precluding uninsured motorist claims"). *See generally* John P. Ludington, *Automobile Uninsured Motorist Coverage: "Legally Entitled to Recover" Clause as Barring Claim Compensable Under Workers' Compensation Statute,* 82 A.L.R.4th 1096 (1990).

We consider the majority view well reasoned, perceive it as consistent with Colorado statutes, and reject Dickinson's invitation to adopt a different approach.

### III. Application

Dickinson contends he is entitled to UM/UIM benefits based on the UM/UIM statute and Colorado public policy favoring full recovery of UM/UIM benefits, notwithstanding the $15,000 limitation in the Act. We disagree.

### A. Dickinson and the UTS Driver Were in the Same Employ

■ Initially, we reject Dickinson's assertion in his reply brief that the majority rule does not apply because the ALJ held him to have been an independent contractor, and thus he and the UTS driver were not "in the same employ" for purposes of the $15,000 limitation established by § 8–41–401(3).

We do not address arguments raised for the first time in a reply brief. *Rector v. City & County of Denver,* 122 P.3d 1010, 1013 (Colo.App.2005). Dickinson argues that we should do so here because he first raised this assertion in his reply brief only after Continental addressed it in the answer brief. We are not persuaded.

Dickinson's opening brief states that he "could not recover more than to [sic] $15,000 from the contractor, UTS and its employee, by operation of law under C.R.S. § 8–41–401(3)." The statute excepts from the $15,000 limitation "any cause of action brought against another not in the same employ." Yet, Dickinson's opening brief fails to challenge the statutory limitation on the basis that he and the UTS driver were not in the same employ. To the contrary, his arguments all assume that this limitation applies. Dickinson made similar arguments in opposing summary judgment below. *See Estate of Stevenson v. Hollywood Bar & Cafe, Inc.,* 832 P.2d 718, 721 n. 5 (Colo.1992)(arguments never presented to a trial court may not be raised for the first time on appeal).

Moreover, Dickinson's position in his reply brief is untenable in light of *In re: Gordon Pulsifer v. Pueblo Profession Contractors, Inc.,* 161 P.3d 656, —— (Colo. No. 07SC24, June 25, 2007).

Accordingly, we decline to consider Dickinson's attempt to distinguish *Matarese* and avoid the majority rule on the basis that he and the UTS driver were not in the same employ.

### B. The UM/UIM Statute and Public Policy

■ We also reject Dickinson's assertion that he is not bound by the $15,000 limitation because of public policy favoring complete recovery of benefits mandated by the UM/UIM statute. *See, e.g., State Farm Mut. Auto. Ins. Co. v. Brekke,* 105 P.3d 177, 184 (Colo.2004)("The public policy behind section 10–4–609 has established a foundation for preventing the dilution of UM coverage . . . .").

Section 10–4–609(1)(a) protects persons "who are legally entitled to recover damages from owners or operators of uninsured motor vehicles," unless they have expressly rejected UM/UIM coverage. (The phrase "legally entitled to recover" also appears in the Continental auto policy.) Where, as here, a workers' compensation statute limits such recovery, then under the majority rule an injured worker is not "legally entitled to recover damages."

Dickinson's reliance on *Aetna Casualty & Surety. Co. v. McMichael,* 906 P.2d 92 (Colo. 1995), and *Nationwide Mutual Insurance Co. v. Hillyer,* 32 Colo.App. 163, 509 P.2d 810

(1973), is misplaced. In *McMichael, supra*, 906 P.2d at 100, the court held that the insurer violated § 10–4–609(1) because the policy "provided liability coverage for users of insured vehicles but limited UM/UIM coverage to occupiers of insured vehicles." In *Nationwide*, the division held that the injured employee's UM/ UIM insurer could not offset a workers' compensation recovery against UM/UIM benefits if those benefits would thereby be reduced below the statutorily mandated minimum coverage. Neither case addressed a claim against a tortfeasor who enjoyed immunity because he was in the same employ as the claimant.

 Nor are we persuaded to disregard the "legally entitled to recover damages" limitation in § 10–4–609. This statute recognizes that "[i]nsured motorists have the right to recover compensation for loss caused by an uninsured motorist in the same manner that recovery would be permitted for a loss due to an insured motorist." *State Farm Mut. Auto. Ins. Co. v. Brekke, supra*, 105 P.3d at 184. But because here the tortfeasor and UTS were insured, Dickinson's public policy argument for avoiding the $ 15,000 limitation would place him in a better position. *See Matarese, supra*, 791 A.2d at 181 (purpose of protecting insured from financially irresponsible motorists "is fulfilled by placing the insured in the same position as if the uninsured motorist had been insured, not a better position").

We do not read *Brekke* as supporting Dickinson's argument that "legally entitled to recover damages" should be applied solely from the injured party's perspective, who Dickinson asserts meets this requirement by establishing fault of a tortfeasor resulting in damages. The *Brekke* court explained, "[I]f the negligence claims are successfully brought to judgment by the insured, the liability established against [the tortfeasor] makes [the insureds] 'legally entitled' to damages, a major element of the contract claim against State Farm." *Brekke, supra*, 105 P.3d at 187. Contrary to Dickinson's argument, successfully bringing a tort claim to judgment focuses on tortfeasor's perspective, who may be partly or wholly immune.

Employer and co-worker immunity plays a pivotal role in workers' compensation. *See* § 8–41–102, C.R.S.2006 (employer immunity); *Kandt v. Evans*, 645 P.2d 1300, 1304–05 (Colo.1982)(co-worker immunity). Hence, we discern no absurdity in giving effect to the limitation in § 8–41–401(3), notwithstanding § 10–4–609(1), when the tortfeasor enjoys this immunity. *See Common Sense Alliance v. Davidson*, 995 P.2d 748, 755 (Colo.2000) (a reviewing court "must resist the temptation to change the statutory language, and rather must leave any repair to the General Assembly or the electorate").

Moreover, UTS was not an owner, nor was its driver an operator, of an "uninsured motor vehicle[ ]" as addressed in § 10–4–609(1)(a). To the contrary, the auto policy at issue provided UTS with UM/UIM coverage exceeding the statutorily mandated minimum. In addition, UTS was not "underinsured," because its general liability coverage exceeded the mandatory minimum UM/UIM coverage. *See* § 10–4–609(4)(a), C.R.S.2006.

### C. Analogy to the Colorado Governmental Immunity Act

Nevertheless, Dickinson challenges application of the $15,000 limitation by analogy to the division's treatment of the Colorado Governmental Immunity Act, § 24–10–101, et seq., C.R.S.2006 (CGIA), in *Borjas v. State Farm Mutual Automobile Insurance Company*, 33 P.3d 1265, 1268 (Colo.App.2001) ("Negligent drivers and their employers who are immune from liability under the CGIA may not be financially irresponsible in the sense that they lack the ability to pay, but from the perspective of the injured innocent driver, the lack of legal responsibility has the same effect."). We decline to apply *Borjas* to employers and coworkers under the Act, for three reasons.

First, the *Borjas* division acknowledged a split of authority in similar cases among other jurisdictions, but declined to follow cases strictly interpreting statutory language similar to "legally entitled to recover" because "members of the public would be deprived of the opportunity to protect themselves from loss under the circumstances presented here, a result not intended by the General Assem-

bly." *Borjas, supra,* 33 P.3d at 1269. However, two jurisdictions—Florida and Pennsylvania—cited in *Borjas* as holding that UM/UIM coverage "applies when the insured is injured by a driver who is exempt from liability by some form of governmental immunity," *Borjas, supra,* 33 P.3d at 1268, have taken the opposite position as to immunity arising from workers' compensation. *Compare Kmonk–Sullivan v. State Farm Mut. Auto. Ins. Co.,* 746 A.2d 1118 (Pa.Super.Ct.1999), *aff'd,* 567 Pa. 514, 788 A.2d 955 (2001), *with Gardner v. Erie Ins. Co.,* 555 Pa. 59, 722 A.2d 1041 (1999), *and Mich. Millers Mut. Ins. Co. v. Bourke,* 607 So.2d 418 (Fla. 1992), *with Allstate Ins. Co. v. Boynton,* 486 So.2d 552 (Fla.1986).

The *Borjas* division explained that if CGIA immunity defeated recovery of UM/UIM benefits, an insured who had obtained the statutorily mandated coverage would remain unprotected. In contrast, Dickinson could have protected himself against the $15,000 recovery limitation in § 8–41–401(3) by procuring his own workers' compensation insurance.

Thus, *Borjas* dealt with the tension between the UM/UIM coverage that insurers must offer and absolute immunity from tort liability under the CGIA. But we are presented in this case with limited immunity under § 8–41–401(3), which permits common law recovery up to $15,000, and is supplemented by an alternative compensation system under the Act. *See Otterberg v. Farm Bureau Mut. Ins. Co.,* 696 N.W.2d 24, 30 (Iowa 2005)(rejecting the Widiss treatise's position that workers' compensation immunity should not preclude UM/UIM benefits because "this position does not apply with equal force when the immunity exists because tort liability has been replaced by our legislature with an alternative compensation system such as workers' compensation").

Second, the *Borjas* division discerned no conflict between the CGIA's purpose of protecting public entities from damage awards that might limit their ability to provide essential services, *see* § 24–10–102, C.R.S.2006, and the public policy of allowing insureds to obtain the maximum benefit of UM/UIM coverage they had procured to protect themselves against financially irresponsible motorists.

Here, we must deal with a different statutory purpose. The objective of § 8–41–401(3) was to bar "claims by independent contractors who *choose* to reject coverage, thereby encouraging them to obtain coverage." *Stampados v. Colo. D & S Enters., Inc., supra,* 833 P.2d at 819; *see also Kelly v. Mile Hi Single Ply, Inc., supra,* 890 P.2d at 1164–65 & n. 6 (noting legislative concern in connection with the 1987 amendments to § 8–41–401(3) that addressed recovery by independent contracts, including: "[G]eneral contractors took exception to premium increases required to cover employees who had voluntarily rejected coverage.... [A]n individual rejecting coverage to save money on the premiums cannot then come back and sue the employer under common law for work related injuries" and "[The $15,000] reflects the General Assembly's consideration of an employer's liability for tort actions when suit is brought by an employee who rejects coverage under the Act."). Allowing an independent contractor, who like Dickinson had not procured workers' compensation insurance, to recover damages in excess of $15,000 through the employer's UM/UIM insurance for injuries sustained in a work-related accident would undercut these policies.

In this regard, we note that the *Stampados* division dealt with a prior version of § 8–41–401(3) which began, "Any independent contractor who does not obtain coverage under a policy of workers' compensation insurance...." Colo. Sess. Laws 1990, ch. 62 at 481. Because of this language, the division remanded to determine whether the independent contractor could have obtained workers' compensation insurance, and therefore was subject to § 8–41–401(3).

Although the current version does not refer to the ability to obtain such coverage, in *Kelly v. Mile Hi Single Ply, Inc., supra,* 890 P.2d at 1165, the court explained, "Our decision to insulate co-employees from common law actions is based on the status of the defendant co-employee.... It makes no difference whether the employee bringing the action is covered by the Act or has rejected

coverage, provided the co-employee's exclusive remedies are found in the Act." And in any event, Dickinson does not contend on appeal, and did not dispute below, that he could have obtained his own workers' compensation insurance.

Third, both UTS and its driver are statutorily immune from common law negligence liability in excess of $15,000 for a work-related injury to a person in the same employ. Based on immunity under the Act, the court explained in *Kelly v. Mile Hi Single Ply, Inc., supra,* 890 P.2d at 1165: "[I]t would be unjust to burden a coemployee with liability based on an officer's election to reject coverage under the Act when the coemployee is covered by the Act, and his or her exclusive remedy for any work-related injury is dictated by the Act." The same analysis applies to an independent contractor who, like Dickinson, does not dispute that he could have procured workers' compensation insurance, but having failed to do so nevertheless pursues a tort claim against a co-employee.

Dickinson's reliance on *State Farm Mutual Automobile Insurance Co. v. McMillan,* 900 P.2d 1243 (Colo.App.1994), *aff'd,* 925 P.2d 785 (Colo.1996), and *State Farm Mutual Automobile Insurance Co. v. Nissen,* 851 P.2d 165 (Colo.1993), is unavailing. Neither case addressed a statutory limitation on recovery against the tortfeasor, such as that against a co-employee under the Act.

### D. Contractual Rights

Finally, while Dickinson also refers to his contractual rights under the Continental policy, the Act's limitations cannot be avoided by framing a claim as breach of contract, because the employer's immunity extends to its insurer. Section 8–41–102; *see McKelvy v. Liberty Mut. Ins. Co.,* 983 P.2d 42, 43 (Colo. App.1998). Nevertheless, we acknowledge that the statutory policies which we have reconciled may interact differently if a claimant subject to § 8–41–401(3) sought UM/UIM benefits from the claimant's own insurance carrier, and we express no opinion on such a scenario.

In sum, we hold that where an independent contractor fails to obtain his own work-ers' compensation insurance and does not dispute that he could have done so, § 8–41–401(3) precludes the independent contractor from recovering more than $15,000 in damages from the UM/UIM insurer of the employer of a tortfeasor who is in the same employ as the independent contractor.

The judgment is affirmed.

Judge LOEB and Judge FURMAN concur.