Opinions of the Colorado Supreme Court are available to the public and can be accessed through the Judicial Branch's homepage at http://www.courts.state.co.us.  Opinions are also posted on the Colorado Bar Association's homepage at http://www.cobar.org.

ADVANCE SHEET HEADNOTE
February 16, 2021

**2021 CO 11**

**No. 19SC530, *Ryser v. Shelter Mutual Insurance*—Insurance—Workers' Compensation—Uninsured and Underinsured—Exclusivity of Remedy—Co-Employee Immunity.**

This case requires the supreme court to address the interplay between the uninsured/underinsured motorist ("UM/UIM") statute, section 10-4-609, C.R.S. (2020), and the Workers' Compensation Act of Colorado ("WCA"), sections 8-41-102 and -104, C.R.S. (2020).  Specifically, the court must resolve whether an injured passenger riding in a vehicle negligently driven by one co-worker and owned by another co-worker, when all three were acting within the course and scope of their employment, may recover UM/UIM benefits under the vehicle owner's insurance policy.

Although the parties dispute the meaning of the phrases "legally entitled to recover" and "legally entitled to collect" under section 10-4-609, the court need not resolve that dispute because assuming without deciding that the plaintiff's definition is correct, the court now concludes that the plaintiff still cannot prevail.

In particular, the court concludes that an injured co-worker is barred by operation of the WCA's exclusivity provisions from recovering UM/UIM benefits from a co-employee vehicle owner's insurer for damages stemming from a work-related accident in which another co-employee negligently drove the owner's vehicle and the injured party was an authorized passenger.

Accordingly, the court affirms the judgment of the division below, albeit on somewhat different grounds.

**The Supreme Court of the State of Colorado**
2 East 14th Avenue • Denver, Colorado 80203

**2021 CO 11**

**Supreme Court Case No. 19SC530**
*Certiorari to the Colorado Court of Appeals*
Court of Appeals Case No. 18CA748

**Petitioner:**

Kent Ryser,

v.

**Respondent:**

Shelter Mutual Insurance Company.

**Judgment Affirmed**
*en banc*
February 16, 2021

**Attorneys for Petitioner:**
Killian Davis Richter & Mayle, PC
Nicholas W. Mayle
Damon Davis
        *Grand Junction, Colorado*

**Attorneys for Respondent:**
Morgan Rider Riter Tsai, P.C.
Sophia H. Tsai
Kelly L. Kafer
        *Denver, Colorado*

**Attorneys for Amici Curiae American Property Casualty Insurance Association and Colorado Defense Lawyers Association:**
Wheeler Trigg O'Donnell LLP
Evan B. Stephenson
Kayla L. Scroggins-Uptigrove
*Denver, Colorado*

**Attorneys for Amicus Curiae Colorado Trial Lawyers Association:**
Jordan Herington & Rowley
Michael J. Rosenberg
*Greenwood Village, Colorado*

Law Offices of Richard M. Crane
Richard M. Crane
*Denver, Colorado*

**JUSTICE GABRIEL** delivered the Opinion of the Court.
**JUSTICE MÁRQUEZ** does not participate.

¶1 This case requires us to address the interplay between the uninsured/underinsured motorist ("UM/UIM") statute, section 10-4-609, C.R.S. (2020), and the Workers' Compensation Act of Colorado ("WCA"), sections 8-41-102 and -104, C.R.S. (2020). Specifically, we must decide whether an injured passenger riding in a vehicle negligently driven by one co-worker and owned by another co-worker, when all three were acting within the course and scope of their employment, may recover UM/UIM benefits under the vehicle owner's insurance policy.[1]

¶2 Although the parties before us dispute the meaning of the phrases "legally entitled to recover" and "legally entitled to collect" under section 10-4-609, we need not resolve that dispute here because assuming without deciding that plaintiff Kent Ryser's interpretation is correct, we conclude that he still cannot prevail. In particular, we conclude that an injured co-worker is barred by operation of the WCA's exclusivity and co-employee immunity principles from recovering UM/UIM benefits from a co-employee vehicle owner's insurer for

---

[1] Specifically, we granted certiorari to review the following issue:

> Whether the meaning of "legally entitled to recover" or "collect" as used in section 10-4-609, C.R.S. (2019), requires the uninsured/underinsured motor vehicle ("UM/UIM") insurance benefits be available to a plaintiff who is injured by an immune at-fault driver while riding in a co-worker's car.

damages stemming from a work-related accident in which another co-employee negligently drove the owner's vehicle and the injured party was an authorized passenger.

¶3    Accordingly, we affirm the decision of the division below, although our reasoning differs somewhat from that of the division.

## I.  Facts and Procedural History

¶4    Ryser and two of his co-workers, Linda Forster and Sherri Babion, were returning together in Babion's vehicle from a work trip.  With Babion's permission, Forster was driving, and Ryser was a passenger in the back seat.  During this trip, all three were acting within the course and scope of their employment.

¶5    Forster fell asleep at the wheel and lost control of the vehicle, after which the vehicle spun off the road and struck an embankment and a fence before coming to rest.  As a result of this accident, Ryser suffered significant injuries.

¶6    Because the crash occurred while Ryser was on the job, he was entitled to and received workers' compensation benefits for the injuries that he sustained as a result of the accident.  Ryser also sought and received UM/UIM benefits from his own auto insurance policy, on the ground that the WCA co-employee immunity rule effectively rendered Forster an uninsured motorist.

¶7    In addition to receiving workers' compensation benefits from his employer and UM/UIM benefits from his own insurer, Ryser sought UM/UIM benefits

4

from Babion's auto insurer, defendant Shelter Mutual Insurance Company. In his view, he was entitled to such benefits because, as an authorized passenger in the vehicle, he was an insured under the Shelter policy. Shelter denied Ryser's claim, however, and Ryser brought this action against Shelter to recover, among other things, UM/UIM benefits under the Shelter policy.

¶8 Both parties moved for summary judgment, and neither party disputed Forster's fault or Ryser's damages. As pertinent here, Ryser asserted that because Forster was immune under the WCA for her tortious conduct while acting within the course and scope of her employment, she was effectively uninsured and therefore Ryser, as an insured under Babion's Shelter policy, was entitled to seek UM/UIM benefits from Shelter. Shelter responded, however, that under the plain language of its policy and sections 10-4-609(1)(a) and (4), it is required to pay UM/UIM benefits only when an insured is "legally entitled to recover" or "legally entitled to collect" from the owner or operator of the vehicle. Because the WCA rendered Forster immune from liability, Shelter contended that Ryser was not legally entitled to recover or collect from her. Thus, in Shelter's view, Babion's policy did not provide coverage for Ryser's UM/UIM claim.

¶9 The district court agreed with Shelter and granted its summary judgment motion. Ryser then appealed, arguing that the phrases "legally entitled to recover" and "legally entitled to collect" require only that the insured be able to

5

establish fault on the part of the uninsured motorist and the extent of the insured's resulting damages.

¶10 A division of the court of appeals ultimately disagreed and, in a unanimous, published decision, affirmed the district court's grant of summary judgment. *Ryser v. Shelter Mut. Ins. Co.*, 2019 COA 88, ¶¶ 1, 46, __ P.3d __. As pertinent here, the division concluded that because the WCA co-employee immunity rule precluded Ryser from recovering damages from Forster, under the plain language of Babion's policy with Shelter and section 10-4-609, he was not entitled to UM/UIM benefits (because he was not "legally entitled to recover damages" from Forster). *Id.* at ¶ 37. In reaching this conclusion, the division found persuasive the view of a number of out-of-state authorities and legal commentators that "legally entitled to collect" and "legally entitled to recover," as those phrases are used in statutes like sections 10-4-609(1)(a) and (4), require that the insured show not only that he or she suffered damages caused by the fault of an uninsured motorist, but also that the insured's action against the uninsured motorist was not barred under substantive law (i.e., that the motorist was legally subject to liability). *Id.* at ¶¶ 38–39.

¶11 Ryser petitioned this court for certiorari, and we granted his petition.

6

## II. Analysis

¶12     We begin by setting forth the applicable standards governing our review of motions for summary judgment and statutory construction.  We then proceed to discuss the interplay between the exclusivity provisions of the WCA and the UM/UIM statute.  We conclude, on the facts presented here, that the WCA's exclusivity and co-employee immunity principles preclude Ryser from bringing a UM/UIM benefits action against a co-employee vehicle owner's insurer for damages stemming from a work-related accident caused by the negligent driving of another co-employee.

### A. Applicable Legal Standards

¶13     We review a grant of summary judgment de novo.  *Rocky Mountain Expl., Inc. v. Davis Graham & Stubbs LLP*, 2018 CO 54, ¶ 27, 420 P.3d 223, 229.  When, as in the case before us, the material facts are undisputed, summary judgment is appropriate only when the pleadings and supporting documents show that the moving party is entitled to judgment as a matter of law.  *Id.*; *accord* C.R.C.P. 56(c).  In determining whether summary judgment is warranted, a court must grant the nonmoving party the benefit of all favorable inferences that may reasonably be drawn from the undisputed facts, and it must resolve all doubts against the moving party.  *Rocky Mountain Expl., Inc.*, ¶ 27, 420 P.3d at 229.

¶14　We also review questions of statutory interpretation de novo. *Dep't of Revenue v. Agilent Techs., Inc.*, 2019 CO 41, ¶ 16, 441 P.3d 1012, 1016. In construing a statute, our aim is to effectuate the legislature's intent. *Id.* In doing so, we consider the entire statutory scheme to give consistent, harmonious, and sensible effect to all of its parts, and we construe words and phrases in accordance with their plain and ordinary meanings. *Id.* In addition, we will look to the statutory language "to determine whether public policy affects our construction of an insurance provision." *Pinnacol Assurance v. Hoff*, 2016 CO 53, ¶ 48, 375 P.3d 1214, 1223. If the statutory language is clear, we will apply it as written. *Id.*

## B. The WCA and the UM/UIM Statute

¶15　Ryser contends that the division below erred in concluding that the WCA's exclusivity and co-employee immunity principles preclude him from recovering UM/UIM benefits from a co-worker's insurer when he was injured in an accident caused by a different co-worker's negligent driving of the insured co-worker's vehicle.

¶16　As noted above, this case implicates the interplay between the UM/UIM statute, section 10-4-609, and the WCA, sections 8-41-102 and -104. Accordingly, we begin with the applicable statutory provisions.

¶17　Section 10-4-609 provides, in pertinent part:

> (1)(a) No automobile liability or motor vehicle liability policy insuring against loss resulting from liability imposed by law for bodily

8

injury . . . suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle licensed for highway use in this state unless coverage is provided therein or supplemental thereto . . . for the protection of persons insured thereunder who are *legally entitled to recover damages* from owners or operators of uninsured motor vehicles because of bodily injury, sickness, or disease, including death, resulting therefrom . . . .

. . . .

(4) Uninsured motorist coverage shall include coverage for damage for bodily injury or death that an insured is *legally entitled to collect* from the owner or driver of an underinsured motor vehicle.

(Emphases added.)

¶18    Section 8-41-102 of the WCA provides:

An employer who has complied with the provisions of articles 40 to 47 of this title, including the provisions relating to insurance, shall not be subject to the provisions of section 8-41-101 [concerning the unavailability of certain defenses]; *nor shall such employer or the insurance carrier, if any, insuring the employer's liability under said articles be subject to any other liability for the death of or personal injury to any employee,* except as provided in said articles; *and all causes of action, actions at law, suits in equity, proceedings, and statutory and common law rights and remedies for and on account of such death of or personal injury to any such employee and accruing to any person are abolished* except as provided in said articles.

(Emphases added.)

¶19    And section 8-41-104 provides:

An election under the provisions of section 8-40-302(5) [concerning employers' purchase of workers' compensation insurance] and in compliance with the provisions of articles 40 to 47 of this title, including the provisions for insurance, *shall be construed to be a surrender by the employer, such employer's insurance carrier, and the*

9

*employee of their rights to any method, form, or amount of compensation or determination thereof or to any cause of action, action at law, suit in equity, or statutory or common-law right, remedy, or proceeding* for or on account of such personal injuries or death of such employee other than as provided in said articles, and shall be an acceptance of all the provisions of said articles, and shall bind the employee personally, and, for compensation for such employee's death, the employee's personal representatives, surviving spouse, and next of kin, as well as the employer, such employer's insurance carrier, and those conducting their business during bankruptcy or insolvency.

(Emphasis added.)

¶20 The foregoing provisions of the WCA establish the long-held proposition that "[t]he Act provides the *exclusive* remedy to a covered employee for injuries sustained while the employee is performing services arising in the course of his or her employment." *People v. Oliver*, 2016 COA 180M, ¶ 21, 405 P.3d 1165, 1171; *see also Kandt v. Evans*, 645 P.2d 1300, 1302 (Colo. 1982) ("Recovery under the Act is meant to be exclusive and to preclude employee tort actions against an employer."); *Roper v. Indus. Comm'n*, 25 P.2d 725, 726 (Colo. 1933) ("One of the fundamental aims in adopting the act was that of substituting for any and all previously existing remedies the special procedure supplied by the act.").

¶21 Employers who comply with the requirements of the WCA are therefore immune from common law liability related to on-the-job injuries. *See Travelers Ins. Co. v. Savio*, 706 P.2d 1258, 1263–64 (Colo. 1985). In addition, we have interpreted the foregoing WCA exclusivity provisions to extend immunity from any common law liability arising out of a work-related injury to the injured worker's

10

co-employees. *See Kelly v. Mile Hi Single Ply, Inc.*, 890 P.2d 1161, 1163 (Colo. 1995) (noting that an employer who has complied with the WCA's insurance provisions, as well as an injured worker's co-employees, are immune from common-law liability for such injuries); *Kandt*, 645 P.2d at 1305 (noting that the WCA quid pro quo by which an employer gives up its normal defenses and assumes liability in exchange for the employee's giving up common-law verdicts extends as well to co-employees who are also involved in this compromise of rights); *see also* § 8-40-102(1), C.R.S. (2020) (recognizing that "the workers' compensation system in Colorado is based on a mutual renunciation of common law rights and defenses by employers and employees alike").

¶22 The question now before us is whether the WCA's co-employee immunity rule bars Ryser from recovering UM/UIM benefits from his co-worker Babion's insurer, Shelter.

¶23 Shelter contends, and the division below concluded, that Ryser was not entitled to such benefits, reasoning that, because the WCA's co-employee immunity rule barred Ryser from bringing an action against Forster (i.e., the effectively uninsured co-employee driver), he was not "legally entitled to recover" or "legally entitled to collect" damages, as those phrases are used in sections 10-4-609(1)(a) and (4). *Ryser*, ¶¶ 37–39. Under this interpretation, "legally entitled to collect" and "legally entitled to recover" require the plaintiff to prove not only

11

that he or she suffered damages caused by the fault of the uninsured motorist, but also that his or her action against the uninsured motorist was not barred under substantive law. *See id.* at ¶ 39.

¶24 Ryser, in contrast, contends that the division's conclusion was erroneous because, in his view, "legally entitled to collect" and "legally entitled to recover" mean solely that the injured party can prove (1) that the uninsured driver was at fault and (2) the extent of the damages caused by that driver. Ryser so interprets the statutory language because, in his view, the insurer does not step into the shoes of the tortfeasor and therefore procedural defenses such as WCA immunity do not apply in determining whether a claimant has satisfied the requirements for recovering UM/UIM benefits. Ryser thus asserts that because he has established both Forster's fault and the extent of his damages, he is entitled to recover UM/UIM benefits under the Shelter policy and the UM/UIM statute.

¶25 We acknowledge the force of both Ryser's and Shelter's arguments regarding the proper interpretation of "legally entitled to recover" and "legally entitled to collect." We need not resolve this dispute here, however, because even if Ryser's interpretation were correct and he could satisfy the facial requirements for recovering benefits under the Shelter policy and the UM/UIM statute, he still cannot prevail because allowing him to recover under the Shelter policy would

12

directly conflict with the WCA's exclusivity and co-employee immunity principles.

¶26   As noted above, the WCA's exclusivity provisions abolish any causes of action related to personal injuries like those at issue here, § 8-41-102, and, upon participating in the workers' compensation system, all employees "surrender . . . their rights to any method, form, or amount of compensation or determination thereof or to any cause of action, action at law, suit in equity, or statutory or common-law right, remedy, or proceeding for or on account of such personal injuries," § 8-41-104.  In addition, it has long been established that the immunity created by these provisions extends as well to an injured worker's co-employees. *See Kelly*, 890 P.2d at 1165; *Kandt*, 645 P.2d at 1305.

¶27   In our view, the expansive wording of the WCA controls in this case. Section 8-41-102 provides that "*all* causes of action, actions at law, suits in equity, proceedings, and statutory and common law rights and remedies for and on account of such . . . personal injury to [an] employee and accruing to any person are abolished except as provided in said articles."  (Emphasis added.)  That section further provides that the immunity afforded the employer extends to the employer's insurance carrier.  *See* § 8-41-102 ("[N]or shall such employer or *the insurance carrier*, if any, insuring the employer's liability under said articles be subject to any other liability for the death of or personal injury to any

13

employee . . . .") (emphasis added); *see also Savio v. Travelers Ins. Co.*, 678 P.2d 549, 551–52 (Colo. App. 1983) ("When an employer has complied with the provisions of the Workmen's Compensation Act, neither the employer nor its insurance carrier are subject to liability for the death of or personal injury to any employee, except as provided in the Act, and all causes of actions, rights, and remedies for and on account of such death of or personal injury to any covered employee are abolished."), *aff'd in part, rev'd in part on other grounds*, 706 P.2d 1258 (Colo. 1985).

¶28 And as set forth above, the same immunities extend to co-employees and thus, necessarily, their insurance carriers. *See Kelly*, 890 P.2d at 1165; *Kandt*, 645 P.2d at 1305; *Savio*, 678 P.2d at 551–52; § 8-41-102. Indeed, to conclude otherwise would allow an end-run around the WCA's exclusivity and co-employee immunity principles, which "play[] a pivotal role in workers' compensation." *Cont'l Divide Ins. Co. v. Dickinson*, 179 P.3d 202, 206 (Colo. App. 2007).

¶29 Accordingly, on the facts before us, we conclude that, regardless of the proper interpretation of "legally entitled to recover" and "legally entitled to collect," Ryser's claim against his co-worker Babion's insurance carrier, Shelter, is barred by the WCA's exclusivity provisions and the related co-employee immunity rule and therefore fails as a matter of law.

14

¶30 Cases like *Borjas v. State Farm Mutual Automobile Insurance Co.*, 33 P.3d 1265 (Colo. App. 2001), and *American Family Mutual Insurance Co. v. Ashour*, 2017 COA 67, 410 P.3d 753, on which Ryser relies, do not dictate a different result because these cases did not involve the interplay between the UM/UIM statute and the WCA's exclusivity and co-employee immunity principles that is at issue here.

¶31 *Borjas* did not involve the WCA at all. Rather, it turned, in large part, on the interplay between the policies underlying the UM/UIM statute and those animating the Colorado Government Immunity Act, with the division concluding that allowing the injured plaintiff to recover UM/UIM benefits there served the policies of both statutory regimes. *See Borjas*, 33 P.3d at 1268–69.

¶32 *Ashour*, in turn, expressly distinguished a case in which an employee seeks recovery of UM/UIM benefits from his employer's policy, which would implicate WCA exclusivity and immunity, from one like that before the division, in which the employee sought to recover such benefits from his own policy. *Ashour*, ¶¶ 51–52, 71, 410 P.3d at 762, 765. Indeed, the *Ashour* division deemed it "critical" to its analysis that the plaintiff there had sought benefits under his own insurance policy because, among other things, he "did not seek to recover additional damages from the immune parties in [the] case—his employer and co-employee." *Id.* at ¶ 52, 410 P.3d at 762. The division thus observed, "[A]llowing [the plaintiff] to claim benefits from his own insurance carrier would not in any way affect the

immunity provided to his employer and co-employee by the Act." *Id.* at ¶ 71, 410 P.3d at 765. Allowing Ryser to collect UM/UIM benefits here, in contrast, would directly implicate those immunities.

¶33 We likewise are unpersuaded by Ryser's argument that our decision in *Aetna Casualty & Surety Co. v. McMichael*, 906 P.2d 92 (Colo. 1995), compels the conclusion that Ryser is entitled to collect UM/UIM benefits under the Shelter policy because, in his view, Babion stood in the position of a third-party to the tort at issue and thus her WCA immunity was not implicated. In *McMichael*, 906 P.2d at 96–97, we interpreted the phrase "for the protection of persons insured thereunder," as used in section 10-4-609(1), C.R.S. (1994), to require that insurers issuing automobile liability insurance provide UM/UIM coverage for all individuals covered under the liability provisions of the policy, unless the named insured refuses such coverage in writing. We thus concluded that because the plaintiff was struck by a car driven by an underinsured motorist while the plaintiff was using, with permission, a vehicle covered by his employer's insurance, he was entitled to recover UM/UIM benefits under his employer's policy. *McMichael*, 906 P.2d at 94, 104.

¶34 Because the plaintiff in *McMichael* was injured by the negligence of an unrelated tortfeasor (i.e., a tortfeasor who was not a co-employee), we had no occasion to consider either the WCA, its exclusivity or co-employee immunity

16

principles, or the interplay between the UM/UIM statute and the WCA. Accordingly, we do not agree that our discussion of the UM/UIM coverage issue in *McMichael* is dispositive of the issues before us here.

¶35 Finally, we are not persuaded by Ryser's argument that the WCA and its underlying policies are not implicated in this case and that the public policies underlying the UM/UIM statute alone should guide our analysis. The General Assembly has declared that the WCA must be interpreted

> so as to assure the quick and efficient delivery of disability and medical benefits to injured workers at a reasonable cost to employers, *without the necessity of any litigation*, recognizing that the workers' compensation system in Colorado is based on a mutual renunciation of common law rights and defenses by employers and employees alike.

§ 8-40-102(1) (emphasis added). As discussed above, the WCA's exclusivity provisions, and by extension the WCA's employer and co-employee immunity principles, play a pivotal role both in the workers' compensation system and in effectuating the legislative declaration articulating its purpose. *See Dickinson*, 179 P.3d at 206. We are not at liberty to ignore these statutory provisions and the legislature's express declaration of policy, as we perceive Ryser's position would require us to do.

### III. Conclusion

¶36 For the reasons set forth above, we conclude that an injured employee is barred by operation of the WCA's exclusivity and co-employee immunity

principles from bringing a UM/UIM benefits action against a co-employee vehicle owner's insurer for damages stemming from a work-related accident caused by the negligent driving of another co-employee. Accordingly, we conclude that summary judgment was properly entered in Shelter's favor in this case.

¶37 We therefore affirm the judgment of the division below, although our reasoning differs somewhat from that of the division.